IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| LANCE THOMAS SANDIFER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:13-00138 |
| | ) | Chief Judge Haynes |
| v. | ) | |
| | ) | |
| ASHLEY SPARKS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, Lance Thomas Sandifer, a state inmate at the South Central Correctional Center ("SCCC"), filed this action under 42 U.S.C. § 1983 against the Defendants: Ashley Sparks, Sean Brantley, Ben Killingsworth, Brad Morton and Arvil Chapman. The Defendants Ashley Sparks, Sean Brantley, Ben Killingsworth, Brad Morton and Arvil Chapman are sued in their individual capacities as supervisor officials at SCCC.

According to the complaint, on or about October 30, 2013, Plaintiff had two separate incidents that gave rise to his filing of a grievance. (Docket Entry No. 1, Complaint at 4-5). On or around November 5, 2012, Plaintiff alleges Defendant Sparks denied him a shower and attempted to entice another inmate to attack Plaintiff. Id. at 4-5. On or around November 20, 2012, Plaintiff alleges Defendant Sparks denied him a meal, "slammed" the chute of his cell door on his hand, while Defendant Morton then denied Plaintiff medical care for his injured hand. (Docket Entry No. 1, Complaint at 4-5 and Docket Entry No. 4 at 2).

As to Defendants Brantley, Killingsworth and Chapman, Plaintiff alleges Defendant Brantley and Killingsworth were Defendant Sparks' "direct supervisors" who "took no action to correct or

1

discipline Correctional Officer Sparks" about the November 5th incident. (Docket Entry No. 1 at 4). Plaintiff also alleges that "nothing came of the grievance" about the November 5, 2012 incident and Defendant Killingsworth "didn't sanction Correctional Officer Sparks." Id. As to Defendant Chapman, Plaintiff alleges that "at the grievance level of warden's response, he concurred with supervisor." Id.

For a motion to dismiss, the Court must construe the complaint's factual allegations in the light most favorable to the Plaintiff and determine whether Plaintiff's states a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), that requires "more than a sheer possibility that a defendant has acted unlawfully." (citations omitted). A complaint that pleads facts merely consistent with liability "stops short of the line between possibility and plausibility of entitlement to relief." Id. "Threadbare recitals of the elements of a cause of action, supporting by mere conclusory statements, do not suffice." Id. at 677.

To state a Section 1983 claim against supervisory personnel, Plaintiff must allege that the supervisors were personally involved in the harm to him, or at least acquiesced, in the alleged unconstitutional conduct. Wingo v. Tenn. Dep't of Corr., 499 Fed. Appx. 453, 455 (6th Cir. 2012) (citing Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984)); Dunn v. State of Tennessee, 697 F.2d 121, 128 (6th Cir. 1983). The doctrine of respondeat superior cannot be used to impose liability onto supervisory personnel in a Section 1983 action. Id.

As to Plaintiff's claims against the supervisory Defendants, Plaintiff fails to state a Section 1983 claim. Walker v. Mich. Dep't of Corr., 128 Fed.App. 441, 445 (6th Cir. 2005). Here, Plaintiff does not allege direct or personal involvement or acquiesce by Defendants Brantley, Killingsworth or Chapman. Plaintiff's allegations against these Defendants rest solely on their status as supervisors.

Thus, the motion to dismiss filed by Defendant Brantley, Killingsworth and Chapman is **GRANTED** and Plaintiff's claims against these Defendants are **DISMISSED with prejudice**.

It is so **ORDERED**.

**ENTERED** this the \_\_11th\_\_ day of June, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court