SCANNED

6/17/14

RECEIVED
IN CLERK'S OFFICE
JUN 19 2014
U.S. DISTRICT COURT
MID. DIST. TENN.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

Lance Thomas Sandifer

vs.                              No.: 1:13-0138

Ashley Sparks, et al.            Judge Haynes

ORDER
After review this motion is GRANTED, but the Order is REAFFIRMED.
[signature]
6-20-14

**PLAINTIFF'S MOTION TO RECONSIDER COURT'S ORDER OF JUNE 11, 2014**

Comes now the plaintiff, Lance Thomas Sandifer, and hereby submit this Motion to Reconsider the Court's Order of June 11, 2014 in which the Court ordered plaintiff's claims against defendants Brantley, Killingsworth and Chapman are dismissed with prejudice. Respectfully, this Court should reconsider and withdraw said order. In support of this motion, the Defendants state as follows:

### BACKGROUND

PLAINTIFF, Lance Thomas Sandifer, #442906, is an inmate of the Tennessee Department of Corrections currently housed at the South Central Correctional Center (SCCC). Defendants Brantley, Killingsworth, and Chapman are being sued in their individual capacity as supervisor officials at SCCC. On 6/11/2014 the Court ordered said defendants be dismissed with prejudice. Plaintiff will show said order is manifest injustice.

### STANDARD

The court has broad discretion to reconsider orders and looks to the following factors in order to determine whether reconsideration should be granted: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct clear error or prevent manifest injustice." *Med Approach Holdings, Inc. v. Hawkins*, 2014 U.S. Dist. LEXIS 10250, 8 (M.D. Tenn. Jan. 28, 2014). Therefore, plaintiff will strive to show both factors (1) and (3), and the court shall reconsider and withdraw it's order of dismissal.

(63)

## ARGUMENT

Defendants have always, and continue to, show utter disregard to law and their duty uphold their responsibilities in regards to prisoners' rights. As the Court sees in Exhibit A and B, it's not a shadow of doubt that defendant Sparks is guilty of the accusations of November 5, 2012. "Supervisors have a duty to know and to act." Id. Said supervisors did in fact know prior to November 20, 2012, when defendant Sparks assaulted me. If checked, records will reflect that officers have been terminated on the spot upon being discovered to have relations with an inmate or bringing contraband, neither of which is harming anyone. Yet when made aware of Sparks issuing a hit on me, telling my cellmate to handle me, and denying us our rec and shower, the supervisors chose to take no action at all. If my cellmate would've did as instructed I could easily been killed or seriously injured. Furthermore, if appropiate action was taken I would not have been assaulted by defendant Sparks on 11/20/2012. Knowing defendant Sparks is a huge threat to my safety, and others, the supervisors showed deliberate indifference. To dismiss them would be a manifest injustice. Also, the Supreme Court, to my understanding, has made rulings in regards to the bullying laws. If a parent is being held responsible for what their unruly child did outside of their presence and unbeknownst to the parent, then surely the same principle should apply in this case especially considering if the 'parent' (supervisors) would've disciplined the 'child' (Sparks) properly then I would not have been 'bullied' (assaulted) on 11/20/2012. The Supreme Court holds precedent over this Court, therefore "an intervening change of controlling law" applies. Plaintiff respectfully requests the Court to reconsider and withdraw it's Orders of dismissal.

Respectfully submitted, [signature], pro se

I have no other stationery. I had to trade a meal for this one sheet of paper and envelope; therefore, I humbly beg the court to get a copy of this motion to both opposing attorneys. Also, I ~~again~~ request that this motion be an expression of my opposition to defendant Woodall's Motion to Dismiss also, as every word applies them same.

Respectfully,

*[signature]*, pro se