```
               UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF TENNESSEE
                    COLUMBIA DIVISION
```

LANCE THOMAS SANDIFER,           )
                                 )
        Plaintiff                )
                                 )    No. 1:13-0138
v.                               )    Senior Judge Haynes/Bryant
                                 )    **Jury Demand**
ASHLEY SPARKS, BRAD MORTON,      )
                                 )
        Defendants               )

**TO:   THE HONORABLE WILLIAM J. HAYNES, JR.
        SENIOR DISTRICT JUDGE**

## REPORT AND RECOMMENDATION

Pending in this case is the motion to dismiss and for summary judgment filed on behalf of Defendants Ashley Sparks and Brad Morton (Docket Entry No. 87). Plaintiff Sandifer, a prisoner proceeding *pro se* and *in forma pauperis*, has not filed a response in opposition to Defendants' motion.

For the reasons stated below, the undersigned Magistrate Judge recommends that Defendants' motion for summary judgment be granted and the complaint dismissed.

## STATEMENT OF THE CASE

Plaintiff Sandifer, a prisoner confined at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee, has filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants Sparks and Morton, both corrections officers at SCCF, violated Plaintiff's rights under the Eighth Amendment to be free from cruel and unusual punishment (Docket Entry No. 1). Defendants filed an answer denying liability and

asserting affirmative defenses (Docket Entry No. 38). Defendants Sparks and Morton now have filed their motion for summary judgment.

**STANDARD OF REVIEW**

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Covington v. Knox County School Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In

2

ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**SUMMARY OF PERTINENT FACTS**

Plaintiff Sparks alleges that on November 5, 2012, Defendant Ashley denied Plaintiff and his cell mate permission to take a shower. Plaintiff claims that Sparks told his cell mate that the cell mate needed to "handle" Sparks and that if he did he would get a shower.

Plaintiff further asserts that on November 20, 2012, Defendant Sparks denied Plaintiff his dinner tray and slammed the chute in the cell door on Plaintiff's hand. Plaintiff alleges that Defendant Morton, another corrections officer, came to his cell and opened the chute, releasing Plaintiff's hand. Plaintiff claims that he asked for medical attention for his hand but that Defendant Morton denied this request.

In support of her motion for summary judgment, Defendant Sparks has filed her declaration in which she denies that she denied Plaintiff a shower, denies that she instructed Plaintiff's cell mate to "handle" Plaintiff, and denies that she slammed Plaintiff's hand in the door chute (Docket Entry No. 90).

Similarly, Defendant Morton has filed his declaration in support of his motion. Defendant Morton testifies that on November 20, 2012, he received a report from Defendant Sparks that Plaintiff had refused his meal. Defendant Morton further testifies that he

3

went to Plaintiff's cell and again offered him his food tray, which Plaintiff refused. Defendant Morton denies that Plaintiff's hand was stuck in the door chute when he went to Plaintiff's cell, and he further denies that Plaintiff reported to him that Defendant Sparks had closed his hand in the door chute. Finally, Defendant Morton testifies that when he spoke with Plaintiff on this occasion, Plaintiff had to discernable or obvious injury (Docket Entry 91).

**ANALYSIS**

A district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to insure that he has discharged that burden. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

As stated above, Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material facts and that the movant is entitled to judgment as a matter of law. In addition, a declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the declarant is competent to testify on the matter stated. Rule 56(c)(4). Here Defendants Sparks and Morton have both filed their sworn declarations that explicitly deny the material allegations in the complaint. Plaintiff Sandifer has filed no response in opposition. In absence of any admissible evidence to the contrary, the

undersigned Magistrate Judge finds from the record that there is no genuine dispute as to any material facts and that Defendant Sparks and Morton are entitled to judgment as a matter of law.

For the foregoing reasons, the undersigned Magistrate Judge finds that Defendants' motion for summary judgment (Docket Entry No. 87) should be granted and the complaint dismissed.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Defendants' motion for summary judgment be granted and the complaint dismissed.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 6th day of January, 2015.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge