UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| LANCE THOMAS SANDIFER, | ) |
| Plaintiff, | ) |
| v. | ) No. 1-13-0138 )  Senior Judge Haynes |
| ASHLEY SPARKS, et al., | ) |
| Defendants. | ) |

MEMORANDUM

Plaintiff Lance Sandifer, an inmate at South Central Correctional Facility ("SCCF") in Clifton, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Ashley Sparks and Brad Morton, SCCF corrections officers.[1] Plaintiff asserts, in essence, Eighth Amendment claims for excessive force, deliberate indifference to Plaintiff's serious medical needs and the denial of basic necessities of a meal and shower. Plaintiff alleges that on November 5, 2012, Defendant Sparks denied Plaintiff and his cell mate permission to take a shower and that Sparks told Plaintiff's cell mate that he needed to "handle" Plaintiff and that if he did Plaintiff's cell mate would get a shower. Plaintiff alleges that Plaintiff's cell mate did not take any action against Plaintiff. Plaintiff also alleges that on November 20, 2012, Defendant Sparks refused to give Plaintiff his food tray and closed the chute of the cell door on his hand. According to Plaintiff, Defendant Morton later released Plaintiff's hand from the chute, refused to give Plaintiff fresh trays of food, only offering Plaintiff his cold food tray, and denied Plaintiff medical treatment for his hand.

Before the Court is the Magistrate Judge's Report and Recommendation (Docket Entry No. 96) to grant Defendants' motion to dismiss and for summary judgment (Docket Entry No. 87).

---

[1] Plaintiff's claims against Defendants Jason Woodall, Sean Brantley, Ben Killingsworth and Arvil Chapman were dismissed. (Docket Entry Nos. 31 and 51).

Plaintiff filed an objection (Docket Entry No. 99). Defendants filed a response (Docket Entry No. 101) to which Plaintiff filed a response (Docket Entry No. 103).

Defendants filed contemporaneously with their motion for summary judgment a statement of undisputed facts (Docket Entry No. 89), in accordance with Local Rule 56.01(b). Plaintiff did not file a response to Defendants' statement of undisputed facts. Accordingly, Defendants' proffered statements of fact are undisputed for purposes of summary judgment. Local Rule 56.01(g).

In her declaration (Docket Entry No. 90), Defendant Sparks denies that she refused Plaintiff a shower, denies that she instructed Plaintiff's cell mate to "handle" Plaintiff, states that Plaintiff refused his food tray, and denies that she saw or slammed Plaintiff's hand in the door chute. Defendant Sparks sates that Plaintiff did not yell or indicate that his hand was in the chute. Similarly, Defendant Morton in his declaration (Docket Entry No. 91) states that he offered Plaintiff his food tray, but Plaintiff refused. Defendant Morton further states that Plaintiff's hand was not stuck in the door chute, that Plaintiff did not report to him that Defendant Sparks closed Plaintiff's hand in the door chute, that Plaintiff did not have any discernable or obvious injury, and that Plaintiff did not ask Defendant Morton for medical aid.

The Magistrate Judge concluded that based upon the undisputed facts Plaintiff failed to show a genuine dispute as to any material facts and that Defendants Sparks and Morton are entitled to judgment as a matter of law. The Magistrate Judge warned that "[f]ailure to file specific objections within 14 days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation." (Docket Entry No. 96 at 5, citing Thomas v. Arn, 474 U.S. 140, Reh'g denied, 474 U.S. 1111 (1986)).

In his objection, Plaintiff asserts that based upon his understanding "the plaintiff's accusations are to be taken as fact," and that Defendants' denials of his allegations are not enough to dismiss his complaint. (Docket Entry No. 99 at 1). Plaintiff also references his previously filed "exhibit A and B." Id. Plaintiff asserts that Defendant Sparks denied him a "shower or rec," submitting grievance records in support. Id. at 1-2.[2] In his response (Docket Entry No. 103), Plaintiff further asserts that "[e]verything I stated in complaint is true," that Defendant Sparks denied Plaintiff a "shower and rec' several times and that Defendant Sparks "did assault me, and I could've been killed if my cell mate would've 'handled' me as she instructed." Id. at 2.

The Sixth Circuit has stated:

> A party who does not file objections to a magistrate judge's report and recommendation, after being advised to do so, waives her right to appeal. A general objection which does not specify the issues of contention is tantamount to filing no objections at all and does not satisfy the requirement that objections be filed. Exceptional circumstances, however, will warrant an exception to the rule in the interests of justice. . . . . Although the court holds pleadings filed by pro se litigants to less stringent standards than formal pleadings drafted by lawyers, there is no cause for extending this lenient standard to "straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." the requirements for responding to a magistrate judge's report are clear . . . .

Murphy v. Reed, 22 F. App'x 390, 391 (6th Cir. 2001); McCready v. Kamminga, 113 F. App'x 47, 48 (6th Cir. 2004).

The Court notes that Plaintiff's complaint (Docket Entry No. 1 at 6) is verified by making his allegations under "penalty of perjury." Williams v. Browman, 981 F.2d 901, 904-05 (6th Cir. 1992). A court must consider any specific facts in a plaintiff's verified complaint. Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir. 1993) ("[S]ince [the plaintiff] filed a verified complaint his allegations 'have

---

[2]Plaintiff did not assert a claim for denial of recreation in his complaint. Thus, such a claim is not before the Court and will not be considered.

3

the same force and effect as an affidavit' for purposes of responding to a motion for summary judgment.") (quoting Williams, 981 F.2d at 905). Yet, here Plaintiff failed to raise specific objections as to any claims against Defendant Morton, to any claim for lack of a meal, to any claim for denial of medical care and to his claim regarding his hand being slammed in the chute. Thus, these claims are deemed waived.

In any event, the record reflects that Plaintiff did not file any grievances against Defendant Morton or regarding Plaintiff's denial of medical care claim. (Docket Entry No. 89, Defendants' Statement of Undisputed Facts at ¶ 8). Plaintiff does not allege in his verified complaint that he did so or otherwise dispute that he failed to do so. Thus, any claims against Defendant Morton or any claim regarding a denial of medical care should be denied for failure to exhaust administrative remedies. Woodford v. Ngo, 548 U.S. 81 (2006); Cook v. Caruso, 531 F. App'x 554 (6th Cir. 2013). Also, Plaintiff's allegation that he was denied one food tray, without more, does not state an Eighth Amendment violation. Richmond v. Settles, 450 F. App'x 448, 455 (6th Cir. 2011) (no Eighth Amendment violation where the plaintiff was deprived seven meals during his six days on behavioral management).

As to Plaintiff's excessive force claim under the Eighth Amendment for the alleged closing of the chute on his hand, the Eighth Amendment prohibits the "'unnecessary and wanton infliction of pain.'" Whitley v. Albers, 475 U.S. 312, 319 (1986) (quoting Ingraham v. Wright, 430 U.S. 651, 670 (1977) (citation and internal quotation marks omitted)). An Eighth Amendment claim for excessive force has both a subjective and an objective component. Farmer v. Brennan, 511 U.S. 825, 834 (1994). "Thus, courts considering a prisoner's claim must ask both if 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough'

to establish a constitutional violation." Hudson v. McMillian, 503 U.S. 1, 8 (1992) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). In the excessive force context, "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "'[S]uch factors as the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted,' are relevant [in determining the manner in which the force was applied]." Whitley, 475 U.S. at 321 (citation omitted).

Other relevant factors include "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response." Id. "From such considerations inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." Id. Thus, "[t]he absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Hudson, 503 U.S. at 7.

The objective component of an Eighth Amendment claim requires that the pain be serious. Moore v. Holbrook, 2 F.3d 697, 700 (6th Cir. 1993). The objective component is contextual and is responsive to "contemporary standards of decency." Hudson, 503 U.S. at 8 (citation and internal quotation marks omitted). In the excessive force context, regardless of any significant injury "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. . . . Otherwise, the Eighth Amendment would permit any physical

punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." Id. at 9 (citation omitted).

To be sure, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id.; see id. (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.")). The Eighth Amendment recognizes "*de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10 (citation and internal quotation marks omitted).

Here, Plaintiff's claim for excessive force should also be dismissed because Plaintiff failed to allege facts demonstrating that Defendant Sparks acted maliciously or sadistically for the purpose of causing harm or that he suffered any injury that would support an inference that Sparks used an unnecessary amount of force. Plaintiff's lack of an objection to this claim reinforces this conclusion. See Tuttle v. Carroll Cty. Det. Ctr., 500 F. App'x 480, 481-82 (6th Cir. 2012) (concluding that the plaintiff's "bare-bones allegation that the female deputy 'grabbed my privates and squeezed them really hard' [was] simply too subjective and vague to state an Eighth Amendment violation," the Sixth Circuit explained, "In assessing the objective component, we conduct a contextual inquiry to determine whether the pain inflicted was 'sufficiently serious.' The extent of a prisoner's injury may suggest whether the use of force could plausibly have been thought necessary in a particular situation and may also provide some indication of the amount of force applied.") (citations omitted); Hunter v. Clark, No. 2:11-CV-06, 2013 WL 3049085, at *7, 8 (E.D. Tenn. June 17, 2013), aff'd (Jan. 8, 2014) (granting summary judgment against plaintiff where the plaintiff stated that he had no injuries to his neck to a little bruising, the district court explained, "While the absence of serious injury or

presence of a injury which is *de minimis* does not bar an excessive force claim, it is a factor . . . in ascertaining whether the use of force could have been thought necessary and also in determining the amount of force applied. . . . [T]he extent of the injury may provide evidence of the nature of the force used, and it appears that such is the case here. . . .").

As to Plaintiff's claim that he was denied a shower, the Sixth Circuit has stated, "This Court has concluded that deprivation of a shower and other personal hygiene items for a 'brief span of time ..., i.e., only six days' is not actionable conduct." Richmond, 450 F. App'x at 455 (citations omitted). Thus, the Court concludes that this claim should be denied.

Finally, as to Plaintiff's claim that Defendant Sparks told Plaintiff's cell mate to "handle" Plaintiff, the Court concludes that this alleged vague statement fails to establish an Eighth Amendment claim. "[A]llegations of verbal abuse, threats, or harassment by a guard to a prisoner are not cognizable under section 1983." Banks v. Klapish, 717 F. Supp. 520, 522 (W.D. Mich. 1989); Rahman v. Stephenson, 626 F. Supp. 886, 888 (W.D. Tenn. 1986).

Accordingly, having considered Plaintiff's objection and conducted a *de novo* review of the Magistrate Judge's Report and Recommendation, for the reasons stated above and the reasons stated in the Report and Recommendation, the Court concludes that the Report and Recommendation should be adopted and Defendants' motion to dismiss and for summary judgment (Docket Entry No. 87) should be granted.

An appropriate Order is filed herewith.

ENTERED this the ___8th___ day of March, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge

7